COURT EXHIBIT

1

DSS:EMN/AH/DAL/BDM
F.#2013R01206

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

CHARLES BLAZER,

Defendant.

- - - - - - - - - - - - - - - - -X

COOPERATION AGREEMENT

13 CR 602 (RJD)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and CHARLES BLAZER (the "defendant") agree to the following:

1. The defendant will waive indictment and, where applicable, venue and plead guilty to a 10-count information to be filed in this District charging violations of 18 U.S.C. § 1962(d) (Count One), 18 U.S.C. § 1349 (Count Two), 18 U.S.C. § 1956(h) (Count Three), 26 U.S.C. § 7201 (Counts Four through Nine) and 31 U.S.C. § 5314 (Count Ten). The foregoing counts carry the following statutory penalties:

Count One (Racketeering Conspiracy)

a. Maximum term of imprisonment: 20 years (18 U.S.C. § 1963(a)).

b. Minimum term of imprisonment: 0 years (18 U.S.C. § 1963(a)).

c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years' imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583(b), (e)).

d. Maximum fine: the greater of $250,000 or twice the gross profits of the enterprise (18 U.S.C. §§ 3571 and 1963(a)).

e. Restitution: mandatory, in an amount to be determined by the Court (18 U.S.C. §§ 3663 and 3663A).

f. $100 special assessment (18 U.S.C. § 3013).

g. Criminal forfeiture: the defendant consents to criminal forfeiture, as set forth below in paragraphs 7 through 14. (18 U.S.C. §§ 1963(a) and 1963(m).

Count Two (Wire Fraud Conspiracy)

a. Maximum term of imprisonment: 20 years (18 U.S.C. §§ 1343, 1349).

b. Minimum term of imprisonment: 0 years (18 U.S.C. §§ 1343, 1349).

c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years' imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583(b), (e)).

d. Maximum fine: the greater of $250,000 or twice the gross gain or gross loss (18 U.S.C. § 3571(b)(3), (d)).

e. Restitution: mandatory, in an amount to be determined by the Court (18 U.S.C. §§ 3663 and 3663A).

f. $100 special assessment (18 U.S.C. § 3013).

g. Criminal forfeiture: the defendant consents to criminal forfeiture, as set forth below in paragraphs 7 through 14 (18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p)).

Count Three (Money Laundering Conspiracy)

a. Maximum term of imprisonment: 20 years (18 U.S.C. § 1956(a), (h)).

b. Minimum term of imprisonment: 0 years (18 U.S.C. § 1956(a), (h)).

c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years' imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583(b), (e)).

d. Maximum fine: the greater of $500,000 or twice the value of the monetary instrument or funds involved (18 U.S.C. § 1956(a)).

e. Restitution: mandatory, in an amount to be determined by the Court (18 U.S.C. §§ 3663 and 3663A).

f. $100 special assessment (18 U.S.C. § 3013).

g. Criminal forfeiture: the defendant consents to criminal forfeiture, as set forth below in paragraphs 7 through 14 (18 U.S.C. §§ 982(a)(1) and 982(b), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p)).

Counts Four through Nine (Tax Evasion)

a. Maximum term of imprisonment: 5 years (26 U.S.C. § 7201).

b. Minimum term of imprisonment: 0 years (26 U.S.C. § 7201).

c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years' imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583(b), (e)).

d. Maximum fine: $100,000 and the costs of prosecution (26 U.S.C. § 7201).

e. Restitution: As further described below in paragraph 3(f), the defendant agrees to pay restitution to the Internal Revenue Service, and further agrees that the tax due and owing for the years 2005 through 2010 will be based on unreported total income in excess of $11 million (18 U.S.C. § 3663).

f. $100 special assessment (18 U.S.C. § 3013).

Count Ten (Failure to File FBAR)

    a. Maximum term of imprisonment: 10 years
(31 U.S.C. § 5322(b)).

    b. Minimum term of imprisonment: 0 years
(31 U.S.C. § 5322(b)).

    c. Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years' imprisonment without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583 (b), (e)).

    d. Maximum fine: $500,000
(31 U.S.C. § 5322(b)).

    e. Restitution: in an amount to be determined by the Court
(18 U.S.C. § 3663).

    f. $100 special assessment.
(18 U.S.C. § 3013).

    g. Other penalties: A civil money penalty of $487,875.74, as described further below in paragraph 3(g)
(31 U.S.C., § 5321(a)(5)(C), (D))

The sentence imposed on each count may run consecutively.

    2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this

case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including all criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, if the defendant has accepted responsibility as described above, and if the defendant pleads guilty on or before November 25, 2013, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b).

3. The defendant will provide truthful, complete and accurate information and will cooperate fully with the Office. This cooperation will include, but is not limited to, the following:

a. The defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

b. The defendant agrees to furnish to the Office all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control and to participate in undercover activities pursuant to the specific instructions of law enforcement agents or this Office.

c. The defendant agrees not to reveal his cooperation, or any information derived

therefrom, to any third party without prior consent of the Office.

d. The defendant agrees to testify at any proceeding in the Eastern District of New York or elsewhere, including in foreign jurisdictions, as requested by the Office.

e. The defendant consents to adjournments of his sentence as requested by the Office.

f. The defendant agrees to cooperate fully with the Internal Revenue Service in the ascertainment, computation and payment of his correct federal income tax liability for the years 2005 through 2013, as well as any later tax years that become due and owing prior to the imposition of sentence. To that end, the defendant will file tax returns for the years 2005 through 2013, along with all tax due and owing, exclusive of penalties and interest, within one (1) year of the date of this agreement and consents to the disclosure to the Internal Revenue Service of information relating to his financial affairs that is in the possession of third parties. With respect to the years 2005 through 2010, which are the subject of Counts Four through Nine of the information and the agreement regarding restitution noted above, the defendant stipulates and agrees that the tax due and owing will be based on unreported total income in excess of $11 million. The defendant further agrees to allow the contents of his Internal Revenue Service criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by the defendant. With respect to disclosure of the criminal file to the Internal Revenue Service, the defendant waives any rights under Title 26, United States Code, Section 7213 and Fed R. Crim. P. 6(e), and any other right to privacy with respect to the defendant's tax returns and tax information.

    g.    The defendant agrees that for the purposes of 31 U.S.C. §§ 5321(a)(5)(C) and (D), the value of his unreported account at FirstCaribbean International Bank (Bahamas) in 2010 was $975,751.48, and he is subject to a civil monetary penalty of 50% of that amount, or $487,875.74.

    h.    The defendant agrees to comply with the forfeiture provisions set forth in paragraphs 7 through 14, below.

    i.    The defendant will consent to, and not oppose, any ban that may hereafter be imposed on him by the Fédération Internationale de Football Association ("FIFA") or any other soccer governing body.

4. The Office agrees that:

    a.    Except as provided in paragraphs 1, 16 and 17, no criminal charges will be brought against the defendant for his heretofore disclosed participation in (i) criminal activity involving mail, wire and bank fraud, money laundering, interstate and foreign travel in aid of racketeering, interstate and foreign transportation of money taken by fraud and New York State commercial bribery, all in connection with the following: (A) aiding and abetting the receipt of a bribe and/or kickback payment offered in connection with the voting to host the 1998 FIFA World Cup, which conduct took place in or about 1992; (B) the sale of tickets for FIFA World Cups in or about and between 1994 and 2002; (C) the receipt of bribe and/or kickback payments made in connection with the sale of media and marketing rights associated with the Confederation of North, Central American and Caribbean Association Football ("CONCACAF") Gold Cups played between 1996 and 2003, which conduct took place in or about and between 1993 and 2003; and (D) the receipt of bribe and/or kickback payments made

      in connection with the voting to host the 2010 FIFA World Cup, which conduct took place in or about and between 2004 and 2011; (ii) violations of Title 26, United States Code, in connection with the willful failure to file personal income tax returns for tax years 1994 through 2010; and (iii) violations of Title 31, United States Code, in connection with the willful failure to file Reports of Foreign Bank and Financial Accounts for tax years 1994 through 2010.

    b. No statements made by the defendant during the course of this cooperation will be used against him except as provided in paragraphs 2, 16 and 17.

  5. The defendant agrees that the Office may meet with and debrief him without the presence of counsel, unless the defendant specifically requests counsel's presence at such debriefings and meetings. Upon request of the defendant, the Office will endeavor to provide advance notice to counsel of the place and time of meetings and debriefings, it being understood that the Office's ability to provide such notice will vary according to time constraints and other circumstances. The Office may accommodate requests to alter the time and place of such debriefings. It is understood, however, that any cancellations or reschedulings of debriefings or meetings requested by the defendant that hinder the Office's ability to prepare adequately for trials, hearings or other proceedings may adversely affect the defendant's ability to provide substantial assistance. Matters occurring at any meeting or debriefing may be

considered by the Office in determining whether the defendant has provided substantial assistance or otherwise complied with this agreement and may be considered by the Court in imposing sentence regardless of whether counsel was present at the meeting or debriefing.

      6.    If the Office determines that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement, the Office will file a motion pursuant to U.S.S.G. § 5K1.1 with the sentencing Court setting forth the nature and extent of his cooperation. Such a motion will allow the Court, in applying the advisory Guidelines, to consider a range below the Guidelines range that would otherwise apply. In this connection, it is understood that a good faith determination by the Office as to whether the defendant has cooperated fully and provided substantial assistance and has otherwise complied with the terms of this agreement, including the demonstration of acceptance of responsibility described in paragraph 2, and the Office's good faith assessment of the value, truthfulness, completeness and accuracy of the cooperation, shall be binding upon him. The defendant agrees that, in making this determination, the Office may consider facts known to it at this time. The Office will not recommend to the Court a

specific sentence to be imposed. Further, the Office cannot and does not make a promise or representation as to what sentence will be imposed by the Court.

7. The defendant acknowledges that money and property is subject to forfeiture as a result of his violations of 18 U.S.C. §§ 1962(d), 1349 and 1956(h), as alleged in the information. Pursuant to 18 U.S.C. §§ 1963(a), 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), the defendant consents to the forfeiture of one million nine hundred fifty-eight thousand ninety-two dollars and seventy two cents ($1,958,092.72), which represents a portion of the monies that the defendant received from bribes, kickbacks and unauthorized World Cup ticket sales (the "First Forfeiture Money Judgment"), and to the forfeiture of a second unspecified amount of United States currency to be determined by the Court reasonably in advance of sentencing to allow for payment in accordance with the terms set forth in paragraph 8 (the "Second Forfeiture Money Judgment" and, together with the First Forfeiture Money Judgment, the "Forfeiture Money Judgments"), as: (a) property that the defendant acquired an interest in and maintained in violation of 18 U.S.C. § 1962, property that the defendant has an interest in, security of, claims against and property and contractual rights that afford a source of influence over the enterprise that the defendant

established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962, property that the defendant derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of 18 U.S.C. § 1962, and/or as substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m); (b) property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 18 U.S.C. § 1349, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and (c) property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1956(h), or any property traceable to such property, and/or as substitute assets in accordance with the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b). The defendant consents to the entry of an Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, forfeiting the amount of the Forfeiture Money Judgments.

8. The defendant consents to the entry of the Forfeiture Money Judgments. The defendant shall pay the First Forfeiture Money Judgment in full on or before the date he pleads guilty pursuant to this agreement (the "First Due Date"). The defendant shall pay the Second Forfeiture Money Judgment in full on or before the date of sentencing (the "Second Due Date") (the "First Due Date" and "Second

Due Date" referred to generally as the "Applicable Due Date"). The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgments through commencement of an administrative or civil forfeiture proceeding. The defendant consents to the entry of an administrative declaration of forfeiture as to any payments made towards the Forfeiture Money Judgments and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The defendant further waives the filing of a civil forfeiture complaint as to any payments made towards the Forfeiture Money Judgments in accordance with the procedures set forth in 18 U.S.C. § 983. The defendant agrees to execute any documents necessary to effectuate the administrative or civil forfeiture of any payments made towards the Forfeiture Money Judgments.

9. All payments towards the Forfeiture Money Judgments shall be made by certified or bank check, payable to the United States Marshals Service, and delivered by hand or overnight courier on or before the Applicable Due Date to Assistant United States Attorney Brian Morris, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, with the criminal docket number noted on the face of the checks. The defendant acknowledges that all funds paid by the defendant pursuant

to this paragraph shall be subject to a restitution hold to ensure their availability for transfer to the Clerk of Court in satisfaction of any order of restitution entered at or after the time of sentencing for the benefit of any victims, pursuant to 18 U.S.C. §§ 3663 and 3663A, in the event that the Attorney General grants any request for remission or restoration in accordance with the provisions of 18 U.S.C. § 1963(g) and 28 C.F.R. Part 9.

10. If either or both of the Forfeiture Money Judgments is or are not paid on or before the Applicable Due Date, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. If the defendant fails to pay any portion of the Forfeiture Money Judgments on or before the Applicable Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the Forfeiture Money Judgments, pursuant to 18 U.S.C. § 1963(m), 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

11. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgments by, among other things, executing any documents necessary to effectuate the transfer of title to the United States of any substitute assets, including but not limited to the defendant's pension from FIFA. The defendant agrees not to file or interpose any claim or to assist

others to file or interpose any claim to any property against which the Government seeks to execute the Forfeiture Money Judgments in any administrative or judicial proceeding.

12. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

13. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines.

14. The defendant agrees that the entry or payment of the Forfeiture Money Judgments are not to be considered fines or a payment on any income taxes or civil penalties that may be due, and are exclusive of the criminal restitution and civil and tax penalties specified in paragraphs 3(f) and 3(g).

15. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 4(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

16. The defendant must at all times give complete, truthful and accurate information and testimony, and must not commit, or attempt to commit, any further crimes. Should it be judged by the Office that the defendant has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including

(a) not to oppose a downward adjustment of two levels for acceptance of responsibility described in paragraph 2 above and to make the motion for an additional one-level reduction described in paragraph 2 above, and (b) to file the motion described in paragraph 6 above. Moreover, this Office may withdraw the motion described in paragraph 6 above, if such motion has been filed prior to sentencing. The defendant will also be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but not limited to, the criminal activity described in paragraph 4 above, perjury and obstruction of justice.

17. Any prosecution resulting from the defendant's failure to comply with the terms of this agreement may be premised upon, among other things: (a) any statements made by the defendant to the Office or to other law enforcement agents on or after December 29, 2011; (b) any testimony given by him before any grand jury or other tribunal, whether before or after the date this agreement is signed by the defendant; and (c) any leads derived from such statements or testimony. Prosecutions that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statutes of limitation between the signing of this agreement and the commencement

of any such prosecutions. Furthermore, the defendant waives all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, that statements made by him on or after December 29, 2011, or any leads derived therefrom, should be suppressed.

18. This agreement does not bind any federal, state or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

19. Apart from the written proffer agreements dated December 29, 2011, January 17, 2012, January 18, 2012, January 31, 2012, February 1, 2012, March 13, 2012, March 15, 2012, March 21, 2012, April 25, 2012, April 27, 2012, May 14, 2012, June 26, 2012, July 19, 2012, October 3, 2012, October 5, 2012, January 14, 2013, January 16, 2013, June 10, 2013 and November 13, 2013, no promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes any prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all

signatories listed below and must be approved by the Tax Division of the United States Department of Justice.

Dated: Brooklyn, New York
November 25, 2013

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By: [redacted]
Evan M. Norris
Amanda Hector
Darren A. LaVerne
Brian D. Morris
Assistant United States Attorneys

Approved by:

[redacted]
Daniel S. Silver
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorneys. I understand all of its terms and am entering into it knowingly and voluntarily.

[redacted]
CHARLES BLAZER
Defendant

Approved by:

[redacted]
Eric Corngold, Esq.
Mary E. Mulligan, Esq.
Elizabeth S. Losey, Esq.
Counsel to Defendant